Filed 12/31/25  P. v. Espinoza CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084900 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN387929) |
| LUIS E. ESPINOZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Reversed and remanded with directions.

Jennifer Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene Sevidal, Seth Friedman, Andrew Mestman, and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Luis E. Espinoza appeals from the trial court's denial of his Penal Code[1] section 1172.6 resentencing petition regarding his attempted murder conviction. He contends his guilty plea did not conclusively establish his ineligibility for resentencing as a matter of law and the court improperly engaged in factfinding to determine his eligibility for relief. The People argue Espinoza's factual admissions establish he pleaded guilty as a direct aider and abettor to attempted murder, a still valid theory of liability.[2]

We conclude the court erred in denying the petition at the prima facie stage without issuing an order to show cause. We resolve this case by memorandum opinion and reverse and remand with directions. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851–854.)

BACKGROUND

In December 2018, Espinoza pleaded guilty to one count each of attempted murder (§§ 664 & 187, subd. (a); count 1) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 7). He admitted committing both offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). He also admitted a prior strike and a prior serious felony. The court imposed an aggregate prison term of 32 years.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Espinoza claims, and the People concede, Espinoza is not categorially barred from relief despite the timing of his sentencing because the date of his guilty plea in 2018 is the operative date for determining the applicable law relative to resentencing eligibility under section 1172.6. We agree. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590 [guilty plea establishes operative date as to applicable law for purposes of section 1172.6].)

In June 2024, Espinoza petitioned for resentencing, asserting that the complaint permitted the prosecution to pursue his attempted murder charge under a theory of imputed malice based solely on his participation in the crime, specifically the natural and probable consequences doctrine. His plea included an admission that he "aided and abetted attempted murder" by driving gang members to an address "with the joint plan of attacking and possibly killing" rival gang members, and that he "directed them to exit [his] car and to confront the people in front of the house."

The trial court summarily denied the petition, finding Espinoza had not made a prima facie showing for relief. The court acknowledged that Espinoza could have been prosecuted under either the natural and probable consequences doctrine or a direct aiding and abetting theory. It reasoned, however, that his plea expressly stated he "aided and abetted the attempted murder," without referencing the natural and probable consequences doctrine. The court relied on the circumstances described in the plea—including that Espinoza drove gang members to the location with a joint plan to attack and possibly kill rival gang members, and that he instructed them to exit the car and confront the people at the house while knowing they were armed. Although acknowledging it could not weigh evidence or engage in factfinding, the court concluded that the factual basis of the plea failed to establish a prima facie case for relief.

## DISCUSSION

When evaluating a petition for resentencing under section 1172.6, the trial court must determine at the prima facie stage whether the petitioner made a showing entitling them to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Although the court may consult the record of conviction to assess eligibility, it is prohibited from engaging in factfinding, weighing the

3

evidence, or exercising its own discretion. (*Id.* at p. 972.) The court generally must accept the petitioner's factual allegations as true unless they are conclusively refuted by the record of conviction. (*Id.* at p. 971.)

A court may deny a petition at the prima facie stage only if the record of conviction demonstrates—incontrovertibly and as a matter of law—that the petitioner is ineligible for relief. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101; § 1172.6, subds. (c), (d).) Unless the record "conclusively establishes" that the defendant committed the acts and harbored the mental state required for liability under a still-valid theory, the allegations of the petition may not be disregarded. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230.) And if the petitioner could, at an evidentiary hearing, present evidence rebutting the record, the matter necessarily involves factual determinations that cannot be resolved at the prima facie stage. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339.)

Applying these principles, we independently review the trial court's denial of resentencing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) We review factual findings for substantial evidence but evaluate the trial court's legal conclusions de novo. (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383.) Under this standard, the record of conviction does not conclusively establish that Espinoza is ineligible for relief as a matter of law.

To sustain an attempted murder conviction, the prosecution must establish that the defendant specifically intended to kill and took a direct but ineffectual step toward doing so. (*People v. Lee* (2003) 31 Cal.4th 613, 623.) Specific intent to kill requires express malice, not implied malice. (*Zemek v. Superior Court* (2020) 44 Cal.App.5th 535, 548.) Implied malice—acting with conscious disregard of danger to human life—is insufficient to support attempted murder. (*People v. Bland* (2002) 28 Cal.4th 313, 327.)

4

Before Senate Bill Nos. 1437 and 775, a defendant could be convicted of attempted murder either by directly aiding and abetting with the intent to kill or under the natural and probable consequences doctrine. (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456–457.) Following those statutory amendments, liability based on the natural and probable consequences doctrine is no longer valid for attempted murder, but direct aiding and abetting with intent to kill remains a valid theory. (*People v. Coley* (2022) 77 Cal.App.5th 539, 546.) A petitioner is therefore eligible for resentencing only if the conviction could have been based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *Coley,* at p. 548.)

Here, the plea reflects that Espinoza "aided and abetted attempted murder" by driving gang members to a location "with the joint plan of attacking and possibly killing" rivals. Although these admissions support the possibility of direct aiding and abetting, they do not eliminate the alternative possibility that he pleaded guilty based on the natural and probable consequences doctrine—particularly because the plea contains no express admission of intent to kill, an essential element of direct aiding and abetting liability for attempted murder. Because the plea is fully consistent with both theories—(1) direct aiding and abetting with intent to kill, and (2) aiding another offense whose natural and probable consequence was attempted murder—the record does not foreclose the latter, invalid theory. The absence of any explicit admission of intent to kill is critical. A defendant's guilty plea to attempted murder does not, by itself, establish that he personally harbored express malice; defendants routinely plead to charges for reasons unrelated to their precise mental state, including the reasonable belief that a jury might convict under an at-the-time valid imputed-malice theory.

5

Thus, because the record does not conclusively show that Espinoza acted with the specific intent to kill, it cannot establish ineligibility for section 1172.6 relief as a matter of law.  At minimum, the petition raised a factual question requiring further inquiry, and the trial court was not permitted to resolve that question against Espinoza at the prima facie stage.

## DISPOSITION

The order denying Espinoza's section 1172.6 petition is reversed.  On remand, the trial court is directed to issue an order to show cause and conduct an evidentiary hearing.  (§ 1172.6, subd. (c) & (d).)


HUFFMAN, J.*

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

_____

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6